IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| PLEASURE WASHINGTON,            ) | |
| )| |
| Plaintiff,     ) | |
| ) | |
| vs.                                              ) | Case Number CIV-08-1396-C |
| ) | |
| ENCORE HEALTHCARE, LLC,       ) | |
| ) | |
| Defendant.   ) | |

## **MEMORANDUM OPINION**

Plaintiff filed the present action seeking recompense for alleged discrimination related to her employment with Defendant. Defendant filed a Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6) seeking dismissal of Count II of Plaintiff's First Amended Complaint. According to Defendant, the claim raised in this Count must fail as a matter of law.

Defendant asserts that in Count II, Plaintiff seeks relief pursuant to Burk v. K-Mart Corp., 1989 OK 22, 770 P.2d 24, for an alleged violation of Oklahoma's public policy. Defendant argues that Plaintiff's Burk tort must be dismissed, as the remedies available under the statutory claims raised by Plaintiff are commensurate with those available for similar alleged acts of work-related discrimination. In support of its motion, Defendant directs the Court to the recent decision of the Oklahoma Supreme Court in Kruchowski v. Weyerhaueser Co., 2008 OK 105, 202 P.3d 144. Defendant argues the Kruchowski decision set the following standard to measure the viability of a Burk tort claim:

> [A] plaintiff may pursue a state law claim for wrongful discharge in violation of public policy when the available remedies to the same class of employment discrimination victims are not uniform and evenhanded–regardless of whether the remedies originate under Federal statutes or state law.  However, it is only when the available remedy to the victim is not commensurate with that which is provided for similar harms to vindicate an employment discrimination on-the-job tort that the Burk common law remedy is available.
>
> Nevertheless, the Burk claim's actionable character is anchored solely in the employer's discharge in breach of Oklahoma's public policy.  In order to assert such a claim, the plaintiff must make a showing that a breach of Oklahoma's public policy occurred for which (a) there is no available statutory-crafted remedy or (b) the available statutory remedy is not commensurate with that which is provided for similar work-related discrimination.

Kruchowski, 2008 OK 105, ¶¶ 36-37, 202 P.3d at 154.

Plaintiff counters, arguing that Defendant improperly focuses on the remedies available to a person claiming the same type of discrimination rather than the class of persons claiming remedies under the Oklahoma Anti-Discrimination Act, 25 Okla. Stat. §§1101 et seq. ("OADA").  Plaintiff argues that the protections available to her under the OADA are broader than those available under federal law and therefore her Burk claim must survive.  Plaintiff also directs the Court to the Oklahoma Supreme Court's decision in Shirazi v. Childtime Learning Center, Inc., 2009 OK 13, ___ P.3d ___.  According to Plaintiff, Shirazi resolves the issue in her favor.  Defendant disagrees, arguing that Shirazi does not substantively change the standard outlined in Kruchowski.

In <u>Shirazi</u>, the Oklahoma Supreme Court held:

> [W]e hold that the Okla. Const. art. 5 § 46 requires that the same remedies must be applicable to everyone within the same class of employment discrimination. The same class of employment discrimination, as recognized by 25 O.S.2001 § 1302, includes race, color, religion, sex, national origin, age, and handicap. Regardless of whether the remedies originate under federal statutes or state law, pursuant to <u>Saint v. Data Exchange, Inc.</u>, 2006 OK 59, 145 P.3d 1037, and <u>Kruchowski v. Weyerhaeuser Co.</u>, 2008 OK 105, --- P.3d ----, rather than looking to the *adequacy* of remedies, a plaintiff may pursue a state law <u>Burk</u> tort claim for wrongful discharge in violation of public policy when the *same* remedies are not available to the same class of employment discrimination victims.

<u>Shirazi</u>, 2009 OK 13, ¶ 12, ___ P.3d at ___. Read closely, <u>Shirazi</u> completes the process begun in <u>Saint</u>. <u>Saint</u> recognized a significant problem existed in the OADA because under that statute, persons in the same class were provided different remedies. Specifically, the remedies available to persons claiming handicap discrimination were broader because the OADA provided a private cause of action. By providing asymmetrical remedies, the OADA ran afoul of Art. 5 § 46 of the Oklahoma Constitution. To address the problem, the Oklahoma Supreme Court permitted a person bringing a claim for discrimination other than handicap to pursue a <u>Burk</u> claim and thereby have available the same remedies as available to the victim of handicap discrimination. <u>Shirazi</u> summarized this history and clearly established that a <u>Burk</u> claim is available to victims of discrimination other than handicap discrimination. Thus, Defendant's Motion to Dismiss must be denied.

For the reasons set forth herein, Defendants' Motion to Dismiss Count II of Plaintiff's First Amended Complaint (Dkt. No. 11) is DENIED.  Defendant's Motion to Dismiss (Dkt. No. 9) is STRICKEN as moot.[*]

IT IS SO ORDERED this 26th day of March, 2009.

*signature*
ROBIN J. CAUTHRON
United States District Judge

---

[*] Defendant filed this motion prior to Plaintiff filing an Amended Complaint. This earlier motion raised the same arguments as raised in the motion addressed herein.